979 F.2d 215
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The HEIL COMPANY, Plaintiff-Appellant,
v.
SNYDER INDUSTRIES, INC., Defendant/Cross-Appellant.
 Nos. 92-1126, 92-1127.
 United States Court of Appeals, Federal Circuit.
 Aug. 13, 1992.
 
 1
 D.Neb.
 
 
 2
 MOTION GRANTED.
 
 ON MOTION
 ORDER
 
 3
 The Heil Co. (Heil) moves to dismiss the cross-appeal, appeal no. 92-1127, of Snyder Industries, Inc. (Snyder). Snyder opposes. Heil moves to strike a portion of Snyder's reply brief. Snyder opposes.
 
 
 4
 The United States District Court for the District of Nebraska entered judgment upholding the Board of Patent Appeals and Interferences' decision granting priority to Snyder. Heil appealed. Snyder filed a cross-appeal seeking review of portions of an interlocutory ruling that admitted evidence proffered by Heil over Snyder's objections.
 
 
 5
 Snyder concedes that the district court's judgment "is in favor of Snyder on all ultimate issues." However, Snyder "seeks to insure that it can, if necessary, urge error in the district court's evidentiary ruling." It appears that Snyder's cross-appeal was filed as a protective measure to preserve its right to contest the district court's ruling on the admission of certain evidence.
 
 
 6
 In United States v. American Ry. Express Co., 265 U.S. 425, 435 (1924), the Supreme Court stated:
 
 
 7
 [It is well-settled] that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.
 
 
 8
 Although Snyder acknowledges this basic doctrine, it states that filing a cross-appeal would be both "permissible and desirable." We disagree. Like the filing of the cross appeal in Datascope Corp. v. SMEC, Inc., 879 F.2d 820, 822, n. 1 (Fed.Cir.1989), Snyder's "filing of its cross-appeal for the sole purpose of preserving its right to offer arguments in support of the judgment is improper." Snyder may present arguments that any evidentiary rulings were wrong as an appellee. The practical effect of this order is that the court will treat Snyder's red brief as an appellee's brief rather than a cross-appellant's brief. However, Snyder is not entitled to file a cross-appellant's reply brief. Accordingly, the court will disregard the fourth brief filed, Snyder's reply brief.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) Heil's motion to dismiss Snyder's cross-appeal, No. 92-1127, is granted.
 
 
 11
 (2) Snyder's red brief will be treated as its appellee's brief.
 
 
 12
 (3) Snyder's reply brief will be disregarded.
 
 
 13
 (4) Heil's motion to strike a portion of Snyder's reply brief is moot.
 
 
 14
 (5) The revised official caption shall delete appeal no. 92-1127 from the heading and designate Snyder as a "Defendant-Appellee."